## State Real Estate Commission v. Nicholas C. O'Data.

Argued January 5, 1971, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Bruce E. Cooper*, with him *Cooper, Friedman and Friedman*, for appellant.

*Steven Kachmar*, Commission Counsel, with him *John P. Fernsler*, Deputy Attorney General, and *Fred Speaker*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 16, 1971:

This is an appeal by Nicholas C. O'Data, appellant, from an order of the State Real Estate Commission, dated May 22, 1969, revoking his real estate broker's license.

On October 29, 1968, the Commission issued a citation and notice of hearing which were served on the appellant. The charges in the citation were that appellant (1) permitted his license to expire on February 28, 1964, without obtaining a renewal thereof; (2) carries on his business as a real estate broker at 1917 Saw Mill Run Boulevard, Pittsburgh, Pennsylvania, without having a license to do so; and (3) carries on his business as a real estate broker under the names of South Hills Realty Co., Real Estate Co. of Penna., John Adams Co., Amsterdam Mortgage Co., and Amsterdam Agency, without having a license issued under said names.

The citation further alleged that said charges formed the basis for the conclusion that appellant had violated Section 9(a) and Section 10(a), Subsections (3), (6) and (13) of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 P.S. §431 et seq., hereinafter called the Act.

Section 9(c) provides that any violation of the provisions of Section 9 by any licensee shall be sufficient cause for the suspension or revocation of his license, the penalty to be within the discretion of the Commission.

Section 9(a) provides, inter alia: "Every person . . . shall be required to have and maintain a definite place of business . . . where the certificate of registration and the current biennial renewal card shall be prominently displayed. The said place of business shall be specified in the application for license, . . . and no license issued under the authority of this act shall authorize the licensee to transact business from any office other than that designated in the license . . ."

Section 10(a) provides that the Commission shall, after due proceedings, have the power to suspend or revoke a broker's license when it shall find the holder thereof to have been guilty, inter alia: "(3) Of a continued or flagrant course of misrepresentation or making of false promises through agents or salesmen; or . . . (6) Of any misleading or untruthful advertising; or . . . (13) Of failure to truthfully disclose information sought in the application for license."

After a hearing before the Commission, in accordance with Section 10(b) of the Act, the Commission made sixteen findings of fact, all of which are supported by substantial competent evidence. *See State Real Estate Commission v. Negoescu,* 87 Dauphin 297, 304 (1967).

A study of the testimony before the Commission discloses that appellant was issued Real Estate Broker's

License No. 11715 on November 1, 1948. The license was issued for an office at 113 Pointview Road, Pittsburgh, Pennsylvania. Appellant, prior to February 28, 1961, was also the holder of a license to maintain a branch office at 1917 Saw Mill Run Boulevard, Pittsburgh, Pennsylvania. A license to maintain a real estate office under the name of South Hills Realty Co. was issued to appellant on August 17, 1951, but said license has not been renewed since 1954. In 1960 appellant was forced by both his own and his wife's poor health to discontinue his activities in the real estate business and to financially maintain himself from rental income and from income earned as a nightclub entertainer. Appellant failed to renew his license as a real estate broker for the period commencing March 1, 1964. During the fall of 1967, appellant apparently desired to return to the real estate business and to transact business under a fictitious name of either Amsterdam Agency or Amsterdam Mortgage Company, at the 1917 Saw Mill Run Boulevard address. On December 11, 1967, an investigator for the Commission of Professional and Occupational Affairs visited appellant's office at 1917 Saw Mill Run Boulevard. This visit by the investigating officer was prompted by the State Real Estate Commission's receiving a copy of the advertisement that appeared in a Pittsburgh newspaper relative to Amsterdam Mortgage Company.

The investigator found on December 11, 1967, a deteriorated plywood sign outside appellant's office, with the names, "South Hills Realty Company, Real Estate Company of Pennsylvania, John Adams Company, Amsterdam Mortgage Company and Pioneer Insurance Agency," appearing thereon. There never had been an issuance of real estate licenses to appellant which would have permitted him to operate under the names of Real Estate Company of Pennsylvania, John Adams Company or Amsterdam Mortgage Company.

On December 14, 1967, the State Real Estate Commission received an application from appellant for a real estate branch office under the trade name "Amsterdam Agency" to be located at 1917 Saw Mill Run Boulevard.

The record establishes that the appellant started to advertise in the Pittsburgh papers in the fall of 1967 under the name of Amsterdam Mortgage Company. Such ads appeared several times between September and December 1967, and the appellant admitted receiving calls from people during this period of time concerning placement of mortgages for them. The appellant contends, however, that the ads should have read "Amsterdam Agency," that being the trade name submitted to the Commission for approval on December 14, 1967, which was three days after the investigation conducted by the Commission investigator. Appellant acknowledged that in the fall of 1967 he was maintaining a one man office at 1917 Saw Mill Run Boulevard and also had a telephone answering service in operation when he was absent from the office, but there is no evidence in the record that he transacted any real estate business since 1964.

We find that none of the findings of fact support the Commission's third conclusion of law that appellant was guilty of "a continued and flagrant course of misrepresentation in violation of Section 10(a)(3)." It is true that appellant caused several ads to appear in the Pittsburgh papers relative to Amsterdam Mortgage Company but we deem this, under the circumstances in this case, only to support the Commission's conclusion of law that appellant violated Section 10 (a)(6) rather than Section 10(a)(3). Likewise, we find that none of the findings of fact support the allegation in the citation that appellant violated Section 10(a)(13) by a failure to truthfully disclose information sought in the application for license.

However, we are satisfied that the Commission's findings of fact do support the fourth and fifth conclusions of law made by the Commission, to wit, that appellant engaged in misleading and untruthful advertising in violation of Section 10(a)(6) and that appellant was in violation of the provisions of Section 9(a) relative to office location.

Section 44 of the Administrative Agency Law (Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.44) under which this appeal was taken provides: "After hearing, the court shall affirm the adjudication unless it shall find the same . . . is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may set aside or modify it, in whole, or in part, or may remand the proceeding to the agency for further disposition in accordance with the order of the court."

Section 2 of this same Act defines an "adjudication" to be: ". . . any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made . . ."

Since we have determined that one of the Commission's three conclusions of law was not related to substantial competent evidence or the findings of fact, we will not in this particular instance unqualifiedly affirm the Commission's adjudication. The Real Estate Brokers License Act is penal and must be strictly construed. *Pennsylvania State Real Estate Commission v. Keller*, 401 Pa. 454, 165 A. 2d 79 (1960). We therefore modify the Commission's adjudication and enter the following

## ORDER

AND Now, this 16th day of February, 1971, the order of the State Real Estate Commission, dated May 22, 1969, revoking the license to practice as a real estate broker, No. 11715, issued to Nicholas C. O'Data, is hereby modified and the said license to Nicholas C. O'Data is suspended for a period of twenty-four months, to be computed from June 29, 1969, the effective date of the revocation under the said order of May 22, 1969.