Michael Grasso, Jr., Appellant, *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Appellee.

Argued February 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Leon H. Kline,* for appellant.

*Gerald Gornish,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 20, 1974:

This is an appeal from an Adjudication and Order of the Pennsylvania State Real Estate Commission (Commission), dated June 18, 1973, revoking the real estate broker's license of Michael Grasso, Jr. (Grasso).

Pursuant to citation and notice, the Commission held a hearing on February 22, 1973, at which it was established that on June 28, 1972, Grasso had pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to one count of the crime of ". . . submission of false statement, aiding and abetting . . ." in violation of sections 1010 and 2 of Title 18, U.S.C.

Based on this and other evidence introduced at the hearing, the Commission determined that Grasso's guilty plea to the above-named offense put him in violation of Sections 10(a)(4) and 11(b) of the Real Estate Brokers' License Act of 1929, Act of May 1, 1929, P. L. 1216, as amended, 63 P.S. §440(a)(4) and §441 (b), and ordered that his real estate broker's license be revoked.

From this Adjudication and Order, Grasso has appealed to us.

Before we get to the merits, we think it important to remind ourselves of our scope of review. An order of the State Real Estate Commission which revokes a broker's license will be affirmed when it is supported by substantial evidence and where the Commission has not committed an error of law or abused its discretion in the imposition of the penalty. *Yingling v. State Real Estate Commission,* 8 Pa. Commonwealth Ct. 556, 304 A. 2d 524 (1973).

Grasso argues that the Commission erred as a matter of law in concluding that he was in violation of Sections 10(a)(4) and 11(b) of the Real Estate Brokers License Act of 1929. In examining this contention, we analyze each section separately.

Section 10(a)(4) provides: "(a) The commission may, upon its own motion, and shall, promptly, upon verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently to revoke licenses theretofore issued by the department, under the provision of this act, at any time when, after due proceedings as hereinafter provided it shall find the holder thereof to have been guilty.

"(4) When it shall be shown that the license, *within five years prior to the issuance of the license then in force,* has pleaded guilty, entered pleas of nolo contendre, or has been found guilty in a court of competent jurisdiction of this or any other state of forgery, embezzlement, obtaining money under false pretenses, extortion, conspiracy to defraud, bribery, or other like offense or offenses." (63 P.S. §440(a)(4), emphasis supplied).

Grasso points out that since he was issued his real estate broker's license in *1966,* and his plea of guilty was entered in *1972,* the plea was not ". . . within five years *prior* to the issuance of the license then in force . . ." and therefore Section 10(a)(4) does not apply.

The Commission argues that to accept Grasso's construction of Section 10(a)(4) would emasculate this particular provision of the Act and that this Court should "reasonably construe" this Section to make it applicable to offenses committed five years prior to the issuance of the license then in force or *anytime thereafter.* In the alternative the Commission contends that since Section 8 of the Act (63 P.S. §438) calls for biennial renewal of a license (*and therefore Grasso had to renew in 1968, 1970 and 1972*), it can be argued that the offense took place ". . . within five years prior to the issuance of the license then in force . . . ," *the*

*renewed license being the one "then in force."* We disagree with the Commission and find that Section 10(a)(4) of the Act does not apply to Grasso.

The Real Estate Brokers License Act is penal in nature and must be strictly construed. *State Real Estate Commission v. O'Data,* 1 Pa. Commonwealth Ct. 286, 274 A. 2d 232 (1971). The plain language of Section 10(a)(4) limits its applicability to, *inter alia,* a guilty plea entered within five years prior to the issuance of a license. To construe this Section to apply, as the Commission suggests to crimes committed *after* the issuance of a license would violate the rules of statutory construction, and would place this Court squarely in what is properly a legislative function.

The Commission's reliance on Section 8 of the Act *which calls for biennial license renewal* to sustain Grasso's violation of Section 10(a)(4) is also misplaced. The Commission argues that the required biennial renewal of a license is in fact the reissuance of a license and therefore Grasso's guilty plea was within five years prior to the issuance of a license renewed by Grasso in 1972. Without further elaboration, we think it is obvious that the Commission has erred in equating the "renewal" of a license, which is accomplished simply through registration and the payment of fees, with the *issuance* of the license. For these reasons, we find that the Commission erred as a matter of law concluding Grasso had violated Section 10(a)(4) of the Act.

We must now turn to Section 11(b). It reads: "Where during the term of any license issued by the department, the licensee shall have pleaded guilty, or entered a plea of nolo contendre, or has been found guilty in a court of competent jurisdiction, in this or any other state, of forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses,

involving misappropriation, larceny or burglary of money or property belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or *involving obligations insured by the United States of America or any of its agencies* or the Commonwealth of Pennsylvania or any of its agencies and a duly certified or exemplified copy of the record in such proceedings shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted." (63 P.S. §441(b), emphasis supplied).

The Commission determined that Grasso's guilty plea to 18 U.S.C. §1010, which concerns itself with false statements in order to secure a loan from the Department of Housing and Urban Development, comes within that part of Section 11(b) which refers to ". . . obligations insured by the United States of America . . ." in effect subjecting him to sanction under this Section of the Act.

Grasso disputes this conclusion by the Commission, by first arguing that he did not plead guilty to *issuing a false* statement to obtain a federally insured mortgage, but he acknowledged that he *merely aided and abetted that statement.* A review of the indictment and the judgment quickly dispels Grasso's contention because it is obvious that he was charged with and pleaded guilty to the submission of a false statement *and* to aiding and abetting.

Grasso also argues that the Commission failed to find as a fact that an insured obligation was actually involved in his offense. We find this argument also to be without merit.

The indictment and Grasso's guilty plea to 18 U.S.C. §1010 makes it patently clear that a federally insured obligation was involved and the Commission's fourth finding of fact is suffiicently satisfactory to us.

Finally, Grasso objects to the Commission's third and fourth conclusions of law which state that "[F]indings of Fact 4 and 5 *indicate* that Respondent was in violation" of §10(a)(4) and §11b of the Real Estate Brokers License Act. Grasso contends the Commission's use of the word "indicate" testified to "vagueness, indecision and uncertainty not permissible as a basis for revocation."

While we do agree that the Commission could have selected a more expressive term than "indicate" in its conclusions of law, we cannot agree that the unscholarly use of this word demonstrates a lack of certainty *as it relates to Grasso's violation of Section 11(b)*. A review of the written adjudication makes it clear that the Commission was not vague or uncertain in its conclusions. This was not a case where contradictory evidence was introduced which put before the Commission the *issue of the credibility of witnesses*. The judgment and the indictment were the bedrock of the Commission's determination that Grasso was in violation of Section 11(b) and the Commission in its adjudication applied the admitted facts to the relevant section of the Real Estate Brokers Act.

In conclusion, we must determine whether revocation of Grasso's license is proper in light of our conclusion that Grasso comes only within the purview of Section 11(b) and escapes the aplicability of Section 10(a)(4).

The last phrase of Section 11(b) reads: ". . . the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted." We hold that this language clearly mandates the Commission to revoke the license of anyone who has pleaded guilty to an offense enumerated in §11(b). *See Pennsylvania State Real Estate Commission v. H. Jay Hoff*, 62 Dauph. 432 (1951). While the Commission erred in

adjudging Grasso in violation of §10(a)(4) the penalty imposed is not invalidated thereby.

Accordingly, we enter the following

**ORDER**

AND Now, this 20th day of June, 1974, the Order of the State Real Estate Commission dated June 18, 1973, revoking the real estate broker's license of Michael Grasso, Jr. is affirmed.