Consolidation Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Roy Barr), Respondents.

Submitted on briefs January 31, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Daniel L. Fassio,* with him, *R. Henry Moore* and *Thomas C. Reed, Rose, Schmidt, Dixon & Hasley,* for petitioner.

*Margaret D. Blough,* for respondent, Roy Barr.

OPINION BY JUDGE ROGERS, March 11, 1983:

Consolidation Coal Company (employer) here appeals from an order of the Workmen's Compensation Appeal Board, entered November 27, 1981, and fixing partial liability on the employer for the permanent and total disability of Mr. Roy Barr. It is not now disputed that Mr. Barr labored for some thirty-five years in the coal mining operations of various employers including, most recently, those of Consolidation Coal; that Mr. Barr was exposed during the whole of this period to the occupational hazard of airborne silica dust; and that Mr. Barr is now totally and permanently disabled from the lung disease denominated as coal miner's pneumoconiosis.

The single issue now raised by the employer and necessary for our decision concerns whether the claimant gave to his employer timely notice of his disability as required by Section 311 of The Pennsylvania Workmen's Compensation Act.[1] On this issue, a referee found that the onset of the claimant's disability was September 23, 1975 and that notice was given to the employer by the filing of the Claim Petition on October 6, 1975. The Board, however, reversed the referee's finding having to do with the commencement of the disability and held that the record will support in this regard only the date of May 12, 1975—the date on which the claimant's physician first examined him and first concluded that the claimant is totally disabled by coal miner's pneumoconiosis. The employer now contends that the date of the onset of disability having been determined to be May 12, 1975, the notice given on October 6, 1975 was not timely.

Under Section 311 of the Act, the notice period does not begin to run until the claimant has: "(1) knowledge or constructive knowledge (2) of a disability (3) which exists, (4) which results from an occupational

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

disease, and (5) which has a possible relationship to his employment." *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 77, 407 A.2d 117, 118 (1979). Thus, the critical inquiry, as the employer concedes, concerns the timing of the notice with reference to the acquisition by the claimant of actual or constructive knowledge of the nature of his disability.

Neither the referee, nor the Board made findings on this critical issue. The evidence of record is that the claimant was examined by Thomas P. Connelly, M.D. on May 12, 1975; that Dr. Connelly thereafter wrote two substantially identical letters describing the results of the examination including x-ray and pulmonary function studies previously performed and his conclusion that the claimant is totally and permanently disabled by coal miner's pneumoconiosis; that the first of these letters is dated May 14, 1975 and bears the salutation "To Whom It May Concern" and the second is dated September 23, 1975 and is addressed to the claimant's legal counsel; that Dr. Connelly did not recall whether he had informed the claimant of his diagnosis during the course of the May 12, 1975 examination but that it was not the doctor's practice to do so; and that the claimant testified to having been informed by Dr. Connelly of the diagnosis but this testimony is expressly predicated on the mistaken assertion by counsel that the examination took place on September 23, 1975. In sum, the critical issue is when the claimant knew or should have known that he was disabled as the result of an occupational disease and the resolution of this issue will require further proceedings including, at least, the making of factual findings on this disputed issue.

Order reversed; record remanded for further proceedings consistent with this opinion. Jurisdiction in this matter is hereby relinquished.

## ORDER

AND Now, this 11th day of March, 1983,, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the record is remanded for further proceedings consistent with this opinion, including, at least, findings of fact on the issue of the timeliness of the notice of the disability of Roy Barr provided to the employer Consolidation Coal Company. Jurisdiction in this matter is hereby relinquished.