Vincent E. Fumo, Petitioner *v.* Commonwealth of Pennsylvania, State Real Estate Commission, Respondent.

Submitted on briefs June 7, 1984, before Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Robert Scandone,* for petitioner.

*Joseph S. Rengert,* Counsel, with him, *James J. Kutz,* Assistant Counsel, and *David F. Phifer,* Chief Counsel for respondent.

OPINION BY JUDGE PALLADINO, October 3, 1984:

Vincent E. Fumo (Petitioner) appeals here from an order of the State Real Estate Commission (Commission), dated March 17, 1981, which revoked his real estate salesman's license.

Petitioner had been licensed by the Commission since January 8, 1930. On June 28, 1976, Petitioner pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to:

1) 28 counts of making false statements in connection with a savings and loan corporation acting under the laws of the United States in violation of Section 1006 of Title 18 U.S.C.;

2) 28 counts of misapplying funds of a savings and loan corporation acting under the laws of the United States in violation of Section 657 of Title 18 U.S.C.; and

3) 1 count of conspiring to commit an offense against the United States in violation of Section 371 of Title 18 U.S.C.

On September 21, 1979, more than three years later, the Commission issued a citation and notice of hearing. An evidentiary hearing was held on December 4, 1979 at which evidence of Petitioner's guilty plea was introduced. Based on this evidence, the Commission determined that Petitioner had violated Sections 10(a) and 11(b) of the Real Estate Brokers License Act of 1929, Act of May 1, 1929, P.L. 1216, *as amended*,[1] 63

---

[1] The Real Estate Brokers License Act of 1929 was repealed as of February 19, 1980 by Section 901 of the Real Estate Licensing Act, Act of February 19, 1980, P.L. 15, 63 P.S. §455.901. The present case arises under the terms of the repealed legislation, however, pursuant to Section 901(3) of the Real Estate Licensing Act which provides that "[a]ll offenses alleged to have occurred prior to the effective date of this act shall be processed under the Act of May 1, 1949. . . ." 63 P.S. §455.901(3).

P.S. §§440(a)[2] and 441(b),[3] and ordered that his real estate salesman's license be revoked.

Our scope of review is limited to determining whether or not the Commission abused its discretion, committed an error of law, or made findings of fact not based upon substantial evidence. *Jackson v. State*

[2] Section 10(a) of the Act reads in pertinent part:

(a) The commission may, upon its own motion, and shall, promptly, upon the verified complaint in writing of any person setting forth specifically the wrongful act or acts complained of, investigate any action or business transaction of any licensed real estate broker or real estate salesman; and shall have the power temporarily to suspend or permanently revoke licenses theretofore issued by the department, under the provisions of this act, at any time when, after due proceedings as hereinafter provided, it shall find the holder thereof to have been guilty.

(1) Of knowingly making any substantial misrepresentation; or

(3) of a continued or flagrant course of misrepresentation, or making of false promises through agents or salesmen; or

(7) Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty. . . .

[3] Section 11(b) of the Act reads:

(b) Where during the term of any license issued by the department, the licensee shall have pleaded guilty, or entered a plea of nolo contendere, or has been found guilty in a court of competent jurisdiction, in this or any other state, or forgery, embezzlement, obtaining money under false pretenses, extortion, criminal conspiracy to defraud, bribery, or other offense or offenses, involving the misappropriation, larceny or burglary of money or property belonging to the Commonwealth or any of its political subdivisions or to private persons, businesses or corporations or involving obligations insured by the United States of America or any of its agencies or the Commonwealth of Pennsylvania or any of its agencies, and a duly certified or exemplified copy of the record in such proceedings shall be filed with the commission, the commission shall revoke forthwith the license by it theretofore issued to the licensee so convicted.

*Real Estate Commission,* 72 Pa. Commonwealth Ct. 558, 456 A.2d 1171 (1983).

Petitioner first contends that his guilty plea in 1976 does not bring him within the provisions of Section 11(b) of the Act inasmuch as that Section by its terms applies only to a guilty plea entered during the term of a license and Petitioner renewed his license in 1978. Petitioner argues instead that he is subject only to the provisions of Section 10(a) of the Act which, unlike Section 11(b), does not call for mandatory revocation of the license.[4]

Petitioner attempts to equate the "renewal" of a license, which is accomplished by the payment of a biennial registration fee, with the issuance of a new license. We rejected this same argument in *Ullo v. State Board of Nurse Examiners,* 41 Pa. Commonwealth Ct. 204, 398 A.2d 764 (1979): a case in which the petitioner argued that the renewal of her nurse's license precluded the State Board of Nurse Examiners from acting on alleged violations which occurred prior to the renewal. The Court in *Ullo* stated:

> [a]s the law presently exists, the purpose of renewing an applicant's license, upon submission to the Board of a completed application form and a required fee . . . , is merely to raise revenues and to keep a current listing of those authorized to practice nursing in this Commonwealth. It is not, as Petitioner suggests, a legislatively imposed statute of limitations requiring the Board to make an affirmative biennial determination of the qualifications of each nurse. Since this license renewal procedure is

---

[4] Given this element of discretion under Section 10(a), Petitioner argues that consideration should be given to his previously unblemished record.

ministerial in nature, the Board was not barred
from acting as it did.

*Id.* at 208, 398 A.2d at 766-767. Based on this Court's
reasoning in *Ullo,* we similarly reject Petitioner's
argument here. *Cf. Grasso v. State Real Estate Commission,* 14 Pa. Commonwealth Ct. 196, 320 A.2d 912
(1974); *Inverso v. State Real Estate Commission,* 50
Pa. Commonwealth Ct. 554, 413 A.2d 450 (1980).

Petitioner next argues that the Commission is
barred from revoking his license by reason of the doctrine of laches. Petitioner points to the Commission's
three year delay in instituting revocation proceedings
as well as the additional fifteen month delay in issuing
its adjudication and order after these proceedings
were initiated. While we certainly do not condone
what appears to be an inordinate delay in instituting
revocation proceedings, the issue of laches was not
raised below. The proper forum in which to raise the
defense of laches and prove delay with resultant prejudice was the hearing before the Commission. Inasmuch as Petitioner failed to do so, we will not address
the issue for the first time on appeal.[5]

We conclude therefore that the Commission's findings and conclusions are supported by the record evidence and that the Commission's order revoking Petitioner's real estate license was proper. Accordingly,
the Commission's order is affirmed.

ORDER

AND Now, October 3, 1984, the order of the State
Real Estate Commission, dated March 17, 1981, is affirmed.

---

[5] Questions not raised before the governmental unit or agency
below will not be considered by this Court for the first time on appeal. *Kushir v. Leach,* 64 Pa. Commonwealth Ct. 65, 439 A.2d 223
(1982).