58

515 A.2d 1349

**Vincent E. FUMO, Appellant,**

v.

**STATE REAL ESTATE COMMISSION, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 3, 1985.

Decided Oct. 8, 1986.

Robert Scandone, Philadelphia, for appellant.

Steven Wennberg, Gettysburg, Joyce McKeever, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

**OPINION**

ZAPPALA, Justice.

On March 17, 1981, the State Real Estate Commission entered an order revoking the real estate salesman's license of Appellant Vincent E. Fumo. The Appellant had entered a guilty plea to the offenses underlying the Commission's revocation order on June 28, 1976. It was not until September 21, 1979, more than three years later, that the Commission issued a citation and notice of hearing. The hearing was held on December 4, 1979.

On appeal to the Commonwealth Court, the Appellant argued that the Commission was barred from revoking his license under the doctrine of laches. The Commonwealth Court refused to address the merits of the Appellant's claim of laches because the issue was not raised during the administrative proceedings. The Commission's order was affirmed. *Fumo v. Commonwealth of Pennsylvania, State Real Estate Commission*, 85 Pa.Cmwlth. 387, 481 A.2d 1257 (1984). The issue of laches has been raised once again by the Appellant in his appeal from the Commonwealth Court's order.

The issue presented by the Appellant was addressed by this Court in *Commonwealth of Pennsylvania, State Board of Nurse Examiners v. Kathryn A. Kindle, R.N.*, 512 Pa. 44, 515 A.2d 1342 (1986). The State Board of Nurse Examiners had suspended Kindle's nursing license three years after she had entered a plea of nolo contendere to charges of misappropriating controlled substances for her own use. As was the case for the Appellant herein, Kindle failed to raise the issue of laches at any time prior to her appeal to the Commonwealth Court. We held that the defense of laches must be raised at the administrative level and that a failure to do so will constitute a waiver.

This Court noted, however, that it was not until our recent decision in *Weinberg v. Commonwealth, State Board of Examiners*, 509 Pa. 143, 501 A.2d 239 (1985) that we held that the defense of laches is available against the

Commonwealth in an administrative disciplinary proceeding by a licensing board. In light of that development, we remanded the *Kindle* matter to the State Board of Nurse Examiners for resolution of the laches issue. Consistent with *Kindle,* we now reverse the order of the Commonwealth Court and remand the instant case to the State Real Estate Commission for a determination of the applicability of laches.

HUTCHINSON, J., files a dissenting opinion in which NIX, C.J., and FLAHERTY, J., join.

HUTCHINSON, Justice, dissenting.

I dissent for the reasons contained in my dissenting opinion in *Commonwealth, State Board of Nurse Examiners v. Kindle,* 512 Pa. 44, 515 A.2d 1342 (1986).

NIX, C.J., and FLAHERTY, J., join in this dissenting opinion.