633 A.2d 1334

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Donna Marie GRANBERG.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 27, 1993.

Decided Nov. 10, 1993.

Marc A. Werlinsky, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, KELLEY, J., and DELLA PORTA, Senior Judge.

CRAIG, President Judge.

The Department of Transportation, Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of the licensee Donna Granberg from a one-year license suspension imposed by the department.

The issue in this case is whether the trial court erred in permitting the licensee to make a collateral attack on the underlying criminal conviction during the civil license suspension proceeding. We reverse.

In a notice dated May 13, 1992, the department informed the licensee that her operating privileges would be suspended for one year for her conviction on February 5, 1992, of violating section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543, which prohibits licensees from operating a vehicle while their operating privileges are suspended or revoked. The licensee

appealed to the court of common pleas, which conducted a de novo hearing.

At the hearing, the department introduced into evidence a notice sent to the licensee informing her that her license would be suspended for one year as a result of her conviction on February 5, 1992 for violating section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543, for driving while under suspension, on January 8, 1992. To establish that previous suspension, the department also introduced into evidence a notice mailed to the licensee dated July 17, 1990, informing her that her license would be suspended indefinitely pursuant to section 1533 of the Vehicle Code, 75 Pa.C.S. § 1533, for her failure to respond to a citation issued on September 2, 1988.

The licensee testified that, on January 8, 1992, a Ross Township police officer stopped her for driving a vehicle with a suspended vehicle registration, a violation of section 1371 of the Vehicle Code, 75 Pa.C.S. § 1371. She produced her driver's license for the officer, who informed her that she was also driving with a suspended operator's license. The licensee testified that this was the first time she had knowledge of the 1990 operator's license suspension.

The licensee stated that, although she paid the fine associated with the citation for driving with a suspended operator's license, she thought that she was paying the fine associated with driving with a suspended vehicle registration. The trial court sustained the licensee's appeal. This appeal followed.

The only issue in a license suspension case is whether the licensee was convicted of the offense and whether the department acted in accordance with the law. *Martino v. Commonwealth,* 116 Pa.Commonwealth Ct. 200, 541 A.2d 425 (1988). We agree with the department that the trial court erred in permitting the licensee to attack the underlying conviction.

In this case, the licensee paid the fine for the citation as to operating a vehicle with a suspended license. A motorist's payment of a fine, after the issuance of a citation, is an admission of guilt. *Department of Transportation, Bureau of*

*Driver Licensing v. Vento,* 120 Pa.Commonwealth Ct. 211, 548 A.2d 385 (1988). The issue in a civil license suspension proceeding is not whether the licensee should have been convicted, but whether the licensee was in fact convicted. *Department of Transportation, Bureau of Driver Licensing v. Doyle,* 151 Pa.Commonwealth Ct. 171, 616 A.2d 201 (1992).

 Because the licensee pleaded guilty to violating section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543, the department, acting in accordance with the law, properly suspended her driving privileges for one year.

This court must note, with disapproval, the rationale which the trial judge expressed for the record, indicating his intent to issue a decision contrary to law, and acknowledging that this court would have to reverse the decision he was making. The trial judge engaged in the following colloquy:

THE COURT: This is what they call a classic case of collateral attack. She did not appeal the underlying conviction, you see, of the driving under suspension, if she had appealed that, then it might have been straightened out at the time. Since it's not, then the Department of Transportation proceeds with their process of suspending a license because there was an admission of guilt, and it calls for a one year suspension.

I would like to help her, but under the circumstances I can't do anything. If I sustain the appeal, they will take an appeal up to Commonwealth Court.

. . . .

MR. KARAS: I would just submit too for the record, mitigating circumstances have never been held to be a valid defense or a reason for overturning a suspension.

THE COURT: That's what I say. In the event I would sustain the appeal here, the Department of Transportation will take an appeal to Commonwealth Court, and that would be knocked down.

MR. DUNN: Perhaps if you sustained the appeal we could sit down with the Department of Transportation.

THE COURT: Okay. You want to try that?

THE WITNESS (Licensee): Sir, may I say something? If there is anything else I could do, I could do it, I have a business—

THE COURT: I *understand your predicament.*

You did what you thought was right. They don't go by that. I will sustain the appeal and see what happens here.

Accordingly, the decision of the trial court is reversed. The one-year suspension imposed by the department is reinstated.

## ORDER

NOW, November 10, 1993, the order of the Court of Common Pleas of Allegheny County, dated October 21, 1992, at No. SA 1850 of 1992, is reversed. The department's one-year suspension of the licensee's operating privileges is reinstated.

KELLEY, Judge, dissenting.

Since the majority objects to the reasoning of the trial court sustaining the licensee appeal, I find it necessary to object to the majority including such in its opinion.

The majority justifies its decision without any dependency on the quoted exchange among the trial court, counsel, and the licensee. The quoted exchange is totally extraneous to the majority's legal reasoning.

I respectfully dissent from the majority on the merits.

The doctrine against collateral attack of criminal sentence must not be pursued beyond fairness and due process.

A significant body of law has been, and is developing, relevant to the knowing and conscious rejection of chemical testing. Only after a clear explanation of the civil results of the suspension of license when a refusal is made by the licensee at the time of an arrest is a suspension sustained. Fairness and due process require no less explanation for a conscious and knowing decision when one is pleading guilty to a criminal charge which will automatically result in suspension of operator's license.

In the present case, licensee was charged with two offenses, and pled guilty to one offense, believing it to be the other offense. Clearly, the plea was not a knowing and conscious plea. This suspension proceeding is the first occasion licensee has to correct, by evidence, the erroneous plea. I would hold that such is not a collateral attack, and sustain the trial court.

It is time our jurisprudence recognizes the realistic changes that have transpired since the automobile succeeded the horse and buggy. Initially, there was not a highway system and transportation was by a private or public carrier thoroughly serving the centered populations, while the rural agricultural population was static and stationary and was transported by animal energy.

Today urban suburbia explosions encouraged by the public policy of interstate and freeway highway policy, and a diminished public transportation system, serving a limited population in route option, has placed almost total reliance upon individual transportation.

Today an operator's license is more than a privilege, it is a right; its suspension or revocation must be subject to strict procedural due process.

Accordingly, I would affirm the trial court.