James M. DENIER, M.D., Petitioner

v.

STATE BOARD OF MEDICINE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 17, 1996.

Decided Oct. 17, 1996.

Conrad A. Falvello, for Petitioner.

Gerald S. Smith, for Respondent.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

PELLEGRINI, Judge.[1]

James M. Denier, M.D. (Denier) appeals from the August 15, 1995 order of the State Board of Medicine, Bureau of Professional and Occupational Affairs (Board) which, pursuant to Section 40(b) of the Medical Practice Act (MPA),[2] automatically suspended Denier's license to practice medicine and surgery without restriction in the Commonwealth of Pennsylvania for ten years.[3]

Denier, a Major in the United States Air Force (USAF), worked as the Chief of the Department of Emergency Services at the

---

1. This case was reassigned to the authoring judge on June 27, 1996.

2. Section 40(b) of the Medical Practice Act (MPA), Act of December 20, 1985, P.L. 457, *as amended*, 63 P.S. § 422.40(b), states in relevant part:

   A license ... issued under this act shall automatically be suspended upon ... conviction of a felony under ... the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or conviction of an offense under the laws of another jurisdiction, which, if committed in this Commonwealth, would be a felony under The Controlled Substance, Drug, Device and Cosmetic Act. As used in this section, the term "conviction" shall include a judgment, an admission of guilt or a plea of nolo contendere. Automatic suspension under this subsection shall not be stayed pending any appeal of a conviction. Restoration of such license or certificate shall be made as hereinafter provided in the case of revocation or suspension of such license or certificate.

3. Section 22 of the MPA, 63 P.S. § 422.22, provides that even where a practitioner has been convicted of a felony under the Drug Act, where at least ten years have elapsed from the date of conviction, that practitioner, where all other qualifications have been met, can be licensed.

4th Wing Hospital at Seymour Johnson Air Force Base in Goldsboro, North Carolina. While working in the Emergency Room, Denier treated the wife of an enlisted member of the USAF for various complaints, including abdominal pain. The woman returned to the Emergency Room several times. A "social" relationship between the woman and Denier ensued.

In August of 1992, Denier went to a hotel room with the woman. Because the woman had informed her husband of her relationship with Denier, he and the Office of Special Investigations (OIS) had arranged to conduct surveillance of the hotel room. After the woman and Denier met at the hotel room, OIS conducted a search of the room, the woman and Denier. A half-gram of cocaine was found on the woman, who informed OIS that it had been given to her by Denier. The court-martial board found Denier guilty of violating Section 112(a) of the Uniform Code of Military Justice (UCMJ),[4] under which the distribution of certain substances, including cocaine, is a punishable offense. Denier was also found guilty of wrongful and dishonorable conduct with the wife of an enlisted

member of the USAF. The court-martial board sentenced Denier to be confined for two years, to forfeit $2,000 of pay per month for two years, and to be dismissed from the service.

Denier reported his conviction to the Pennsylvania State Board of Medicine, Bureau of Professional and Occupational Affairs (Board). After the Board received the report, it renewed Denier's license but it subsequently suspended it pursuant to Section 40(b) of the Medical Practice Act (MPA), 63 P.S. § 422.40(b). Section 40(b) of the MPA provides that the Board can automatically suspend a medical license upon conviction of a felony under the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. No. 233, *as amended*, 35 P.S. §§ 780–101—780–144, or upon conviction of an offense under the laws of another jurisdiction which, if committed in this Commonwealth, would constitute a felony. Because the Board held that Denier's conviction would constitute a felony under Sections 13(a)(14)[5] and 13(f)(1)[6] of the Drug Act, it automatically suspended his license.

---

4. Section 112(a) of the UCMJ, 10 U.S.C. § 912(a), provides in pertinent part as follows:
    (a) Any person subject to this chapter who wrongfully uses, possesses, manufacturers, distributes, imports ... exports ..., or introduces into an installation ... a substance described in subsection (b) shall be punished as a court-martial may direct.
    (b) The substances referred to in subsection (a) [include cocaine].
  The phrase "any person subject to this chapter" refers to persons subject to the UCMJ, i.e., military personnel. *See* 10 U.S.C. § 802.
  The Manual for Courts–Martial (MCM), United States, 1984, Part IV, para. 37(c)(3), states that the word "distribute" in section 112(a) of the UCMJ, means "to deliver to the possession of another," and the word "deliver" means "the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship."
  The MCM, Part IV, para. 37(c)(5), provides that the distribution of a controlled substance is not wrongful if: (1) done if pursuant to legitimate law enforcement activities; (2) done by authorized personnel in the performance of medical duties; or (3) without knowledge of the contraband nature of the substance.

5. Section 13(a)(14) of the Drug Act, 35 P.S. § 780–113(a)(14), provides:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
  (14) The administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner or professional assistant under the practitioner's direction and supervision unless done (i) in good faith; (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a reasonable segment of the medical profession.

6. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101—780–144. Section 13(f)(1) of the Drug Act, 35 P.S. § 780–113(f)(1), provides in relevant part:

(f) Any person who violates clause (14) of subsection (a) with respect to:
  (1) A controlled substance of counterfeit substance classified in Schedule I of II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

Denier appeals to this court,[7] contending:

- because a conviction rendered by a court-martial tribunal is not a conviction that may be considered for automatic suspension under the MPA, the suspension of his license based on such conviction is invalid;

- because the Board suspended his license without holding an evidentiary hearing, he was denied due process;

- because the Board initially renewed his medical license despite its knowledge of his court-martial conviction, it is estopped from subsequently suspending that license; and

- because his court-martial conviction for "wrongful distribution" of cocaine would not constitute a misdemeanor or a felony under the Drug Act, the Board erred by automatically suspending his license.

### I.

■ Because a military court is not a "court of law of the United States", Denier contends that his conviction should not be considered as one that requires an automatic suspension of his medical license under the MPA. He argues that because military courts are distinct from other courts, convictions from military courts are not the type envisioned by the MPA, making the automatic suspension of his medical license based on his court-martial conviction improper. Such a distinction, however, has been rejected.

■ A "judgment of a court-martial is to be accorded the same finality and conclusiveness, as to the issues there involved, as the judgment of a civilian court." *United States v. Price*, 258 F.2d 918 (3rd Cir.1958), *petition for writ of certiorari denied*, 358 U.S. 922, 79 S.Ct. 295, 3 L.Ed.2d 241 (1958). Any distinc-

tion between a conviction by court-martial and a conviction by a civilian court cannot be sustained. *United States of America v. MacDonald*, 992 F.2d 967 (9th Cir.1993), *citing Grafton v. United States*, 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed. 1084 (1907). Applying those principles, our Supreme Court, in *Commonwealth v. Smith*, 528 Pa. 380, 598 A.2d 268 (1991), held that a court-martial conviction is a conviction for purposes of sentence enhancement. In *Smith*, the Court held that where the sentencing statute, 42 Pa.C.S. § 9714(b), provided that convictions for certain felonies in this Commonwealth, any other state or in any federal court constituted a prior conviction for sentencing purposes, a conviction by court-martial constituted a conviction for sentence enhancement purposes of that statute. Because it must be given the same effect as a conviction, Denier's court-martial conviction is one that calls for automatic suspension of his license, assuming that it is for a prohibited offense.[8]

### II.

■ Denier contends that because the Board failed to hold an evidentiary hearing prior to the automatic suspension of his license, he was denied due process. Because he holds a property interest in his medical license and because his license was suspended without notice and an opportunity to be heard, Denier contends that his due process rights were violated. Specifically, Denier contends that he should have been given the opportunity to present evidence before the Board regarding his own negative drug tests and conduct, and the absence of drugs on his person at the time of his arrest, evidence

7. Our scope of review from an order of the Board is limited to a determination of whether constitutional rights have been violated, whether the findings of fact are supported by substantial evidence, and whether errors of law have been committed. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Slawek v. State Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991).

8. Denier further argues that because his conviction by the court-martial was not a "felony" under the UCMJ, his license was improperly sus-

pended. The UCMJ does not recognize either the term "felony" or "misdemeanor". However, because his conviction for "wrongful distribution" under the UCMJ would constitute a felony in Pennsylvania under the Drug Act, and because automatic suspension is warranted for a conviction that is or would be considered a felony in Pennsylvania, just because the term "felony" is not recognized by the UCMJ does not invalidate the automatic suspension of Denier's medical license.

that was previously before the court-martial board.[9]

An evidentiary hearing is not required by due process when no facts are at issue. *Horvat v. Department of State Professional and Occupational Affairs*, 128 Pa. Cmwlth. 546, 563 A.2d 1308 (1989). The Board has no discretion to impose less than a ten-year suspension for a felony conviction, so its refusal to hear mitigating evidence does not constitute a violation of due process. *Galena v. Department of State Professional and Occupational Affairs*, 122 Pa.Cmwlth. 315, 551 A.2d 676 (1988). No facts are at issue in this case, so the MPA permits the Board to automatically suspend a physician's license once it receives a certified copy of a conviction that constitutes or would constitute a felony under the Drug Act. Because the Board here received a certified copy of a conviction that Denier does not contend was in error, there was no need for the Board to hold a due process hearing.

### III.

Once the Board renewed his license when they were aware of his court-martial conviction, Denier contends that it was estopped from suspending it eight months later. Denier contends that under the principle of equitable estoppel, his license cannot be revoked once he relied to his detriment on that renewal by obtaining employment in Pennsylvania and by intending to move his family to Pennsylvania. Equitable estoppel arises when:

> a party by acts or representation intentionally or through culpable negligence, induces another to believe that certain facts exist and the other justifiably relies and

acts upon such belief, so that the latter will be prejudiced if the former is permitted to deny the existence of such facts.

*Straup v. Times Herald*, 283 Pa. Superior Ct. 58, 71, 423 A.2d 713, 714. (1980).

The doctrine, however, is inapplicable when a licensing agency ministerially renews a license. In *Gangewere v. State Architects Licensure Board*, 98 Pa.Cmwlth. 613, 512 A.2d 1301 (1986), we held that the renewal of a professional license did not estop the State Architect's Licensure Board from later instituting proceedings to suspend or revoke an architect's license for a felony conviction, even though that conviction occurred prior to the renewal of his license. We stated, "the renewal requirement [of professional licenses] neither serves as a statute of limitations nor requires the licensing agency to make a periodic determination of the licensee's qualifications." *Id.* 512 A.2d at 1306. Other than issuing the ministerial renewal, the Board did nothing else to indicate to Denier that his court-martial conviction was forgiven in this state. Denier's reliance on that renewal was unjustified and did not estop the Board from later imposing a ten year-automatic suspension of his license.

### IV.

Denier finally contends[10] that his court-martial conviction for "wrongful distribution" of cocaine would not constitute a felony under Sections 13(a)(14) and 13(f)(1) of the Drug Act. Denier claims that because he had knowledge that the woman receiving the cocaine was a drug dependent person, his conviction could only constitute a misdemeanor under Sections 13(a)(13)[11] and

9. What Denier is suggesting is that he should be permitted to collaterally attack his underlying criminal conviction before a court-martial. However, that is not the proper forum in which to collaterally attack his underlying criminal conviction on which that appeal is based and it cannot be attacked in this proceeding. *See generally Department of Transportation, Bureau of Driver Licensing v. Granberg*, 159 Pa.Cmwlth. 600, 633 A.2d 1334 (1993); *see also Department of Transportation v. Soder*, 110 Pa.Cmwlth. 492, 532 A.2d 948 (1987).

10. Denier also contends that because the court-martial conviction is being appealed, the Board

was precluded from automatically suspending his license prior to final disposition in the military courts. Section 40(b) of the MPA, 63 P.S. § 422.20(b), clearly states that "Automatic suspension under this subsection shall not be stayed pending any appeal of a conviction." Thus, clearly, that contention is without merit.

11. Section 13(a)(13) of the Drug Act, 35 P.S. 780–113(a)(13), provides in relevant part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(13) The sale, dispensing, distribution, prescription or gift by any practitioner other-

13(b) [12] of the Drug Act. [13]

Section 13(a)(13) of the Drug Act is applicable only to the delivery of a controlled substance by a practitioner to any person "known to such practitioner to be or whom such practitioner has reason to know is a drug dependent person ..." Though Denier now claims that his "wrongful delivery" of cocaine was to a woman whom he knew or should have known to be a drug dependent person, we find that Denier's statements of record do not support such a claim.

In his letter to the Board requesting renewal of his license and explaining his court-martial conviction, Denier wrote, "unknown to me during all of this was the fact that this woman was a cocaine user ..." (R.R. 15a). In Denier's appeal before the military courts, he wrote, "in retrospect, [the woman's symptoms were] all symptoms of acute cocaine use." (R.R. 21a). Also in that appeal, Denier stated that on August 13, 1992, the woman "admitted that she had lied to me and in fact had been using cocaine on 13 July when she came to the Emergency Room ... At this time alarm bells should have gone off and alerted me that she was trouble ..." (R.R. 21a–22a).

Though Denier now states that "alarm bells should have gone off and alerted" him that the woman was "trouble", no where in his testimony or record does he indicate that he knew or had reason to know that the woman was *in* trouble, a phrase that is more likely to be used when referring to a woman he now claims he knew to be a "drug dependent" person. Section 102 of the Drug Act, 35 P.S. § 780–102, defines a "drug dependent person" as "a person who is using a drug, controlled substance or alcohol, and who is in a state of psychic or physical dependence, or both, arising from administration of that drug, controlled substance or alcohol on a continuing basis." Though Denier stated that the woman had informed him that she had used cocaine on July 13, 1992, he did not allege in the record, at any point prior to learning that such status could prevent his court-martial conviction from constituting a felony in the Commonwealth, that the woman was a drug dependent person.

Taking the facts as apparent from the court-martial conviction itself, the Board was not required to look any further to determine that Denier's conviction constituted a felony under the Drug Act. Denier was convicted of wrongfully distributing a half-gram of cocaine. Sections 13(a)(14) and 13(f)(1) of the Drug Act make it a felony for any practitioner to distribute certain controlled substances, including cocaine, unless an exception has been met. Those exceptions are: (1) delivery in good faith in the course of the practitioner's professional practice; (2) delivery within the scope of the patient relationship; or (3) delivery in accordance with treatment principles accepted by a responsible segment of the medical profession. Because none of those exceptions have been met, Denier's court-martial conviction falls within the analogous provisions of Section 13(a)(14) of the Drug Act, and under Section 13(f)(1) of that Act, constitutes a felony.

Accordingly, the Board's automatic ten-year suspension of Denier's medical license is affirmed.

SMITH, J., concurs in the result only.

wise authorized by law so to do of any controlled substance to any person whom such practitioner has reason to know is a drug dependent person, unless said drug is prescribed, administered, dispensed or given, for the cure or treatment of some malady other than drug dependency ...

12. Section 13(b) of the Drug Act, 35 P.S. § 780–113(b), provides in relevant part:
    (b) Any person who violates any of the provisions of clause (13) shall be guilty of a misdemeanor ... and shall, on conviction thereof, be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both ...

13. Denier does not claim that his conviction could constitute either a felony conviction or a misdemeanor conviction under the Drug Act. Rather, Denier contends that his conviction does not constitute a felony because the language of the misdemeanor provision is more analogous to his conviction because it specifically includes the term "distribute", and because his knowledge (or knowledge he should have had) that the woman was a drug dependent person brings the conviction within the misdemeanor provision of Section 13(a)(13) of the Drug Act.

### ORDER

AND NOW, this 17th day of October, 1996, the order of the State Board of Medicine, Bureau of Professional and Occupational Affairs, dated August 15, 1995, is affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Because I believe that a person convicted of wrongful distribution of cocaine under section 112a of the Uniform Code of Military Justice (UCMJ) [1] *could* be convicted in this Commonwealth under *either* section 13(a)(13) *or* section 13(a)(14) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), [2] and because I believe that the State Board of Medicine, Bureau of Professional and Occu-

pational Affairs (Board) erred in failing to hold a hearing to determine whether Denier's conviction for wrongful distribution of cocaine *would* be a felony under section 13(a)(14) of the Drug Act if he had committed the offense in this Commonwealth, I would reverse. [3]

In affirming the Board's decision to automatically suspend Denier's professional license under section 40(b) of the Medical Practice Act (MPA) without a hearing, the Majority states that "the Board was not required to look any further" than "the facts as apparent from the court-martial conviction itself." (Majority op. at 954.) However, it is obvious here that, in making its decision, the Board never considered any facts from the courtmartial conviction. [4] The Board simply

---

1. Section 112a of the UCMJ, 10 U.S.C. § 912a, provides in pertinent part as follows:

   (a) Any person subject to this chapter who wrongfully uses, possesses, manufactures, distributes, imports ..., exports ..., or introduces into an installation ... a substance described in subsection (b) shall be punished as a court-martial may direct.

   (b) The substances referred to in subsection (a) [include cocaine.]

   The phrase "any person subject to this chapter" refers to persons subject to the UCMJ, i.e., military personnel. *See* 10 U.S.C. § 802.

   The Manual for Courts–Martial (MCM), United States, 1984, Part IV, para. 37c(3), states that the word "distribute" in section 112a of the UCMJ means "to deliver to the possession of another," and the word "deliver" means "the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship."

   The MCM, Part IV, para. 37c(5), provides that distribution of a controlled substance is not wrongful if: (1) done pursuant to legitimate law enforcement activities; (2) done by authorized personnel in the performance of medical duties; or (3) done without knowledge of the contraband nature of the substance.

2. Section 13(a)(13) of the Drug Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113(a)(13), states that the following is prohibited: (13) The sale, dispensing, distribution, prescription or gift by any practitioner otherwise authorized by law so to do of any controlled substance to any person known to such practitioner to be or whom such practitioner has reason to know is a drug dependent person, unless said drug is prescribed, administered, dispensed or given, for the cure or treatment of some malady other than drug dependency.... This clause shall not prohibit any practitioner from prescribing, distributing or dispensing

   any controlled substance for a period of time not to exceed fourteen days pending confirmed admission of the patient to a hospital or rehabilitation center.

   Section 13(b) of the Drug Act, 35 P.S. § 780–113(b), provides that any person who violates any of the provisions of clause (13) of subsection (a) shall be guilty of a misdemeanor.

   *Section 13(a)(14) of the Drug Act, 35 P.S. § 780–113(a)(14),* states that the following is prohibited:

   (14) The administration, dispensing, delivery, gift or prescription of any controlled substance by any practitioner ... unless done (i) in good faith in the course of his professional practice; (ii) within the scope of the patient relationship; (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession.

   Section 13(f)(1) of the Drug Act, 35 P.S. § 780–113(f)(1), provides that any person who violates clause (14) of subsection (a) with respect to a Schedule I or II controlled substance, *see* 35 P.S. § 780–104, is guilty of a felony.

3. Section 40(b) of the Medical Practice Act (MPA), 63 P.S. § 422.40(b) (emphasis added), states in pertinent part:

   A license ... issued under this act shall automatically be suspended upon ... conviction of a felony under ... The Controlled Substance, Drug, Device and Cosmetic Act, or conviction of an offense under the laws of another jurisdiction, which, if committed in this Commonwealth, *would* be a felony under The Controlled Substance, Drug, Device and Cosmetic Act.

4. When the Board certified to this court the entire record upon which the Board based its decision, that record included only the following: (1) the Board's Petition for Automatic Suspen-

compared the language of section 112a of the UCMJ and section 13(a)(14) of the Drug Act and concluded that, if Denier had committed his offense in this Commonwealth, he would have been convicted of a felony. (Board's Notice and Order of Automatic Suspension; R.R. at 9a–12a.)

Moreover, because the Board did not hold a hearing to take evidence or even consider Denier's statements to the Board in his license renewal application, the Board never made any findings of fact.[5] To the extent that the Majority has reviewed the augmented record before this court, has resolved conflicts in Denier's statements and has made credibility determinations, the Majority has improperly assumed the role of factfinder.[6]

Absent findings of fact from the Board which we can apply to sections 13(a)(13) and 13(a)(14) of the Drug Act to determine which corresponds with Denier's conviction under section 112a of the UCMJ, I believe that the only approach this court can take in reviewing the decision of the Board is to compare the elements of section 112a of the UCMJ with those of sections 13(a)(13) and 13(a)(14) of the Drug Act. Such an analysis shows that Denier's conviction for wrongful distri-

bution of cocaine under section 112a of the UCMJ *could* have been a conviction in this Commonwealth under *either* section 13(a)(13) *or* section 13(a)(14) of the Drug Act. Thus, the Board erred in automatically suspending Denier's professional license under section 40(b) of the MPA.

Section 112a of the UCMJ provides: (1) a person subject to the UCMJ may not (2) wrongfully (3) distribute (4) cocaine (5) to any person. With respect to the first element. of the offense, those subject to the UCMJ are members of the military, including medical practitioners like Denier. *See* 10 U.S.C. § 802. The third, fourth and fifth elements of the offense, taken together, forbid the delivery or transfer of cocaine to the possession of another person. Para. 37c(3) of the Manual for Courts–Martial (MCM), United States, 1984. Such a transfer is wrongful, the second element of the offense, unless: (1) done in conjunction with law enforcement activities; (2) done by authorized personnel in the performance of medical duties; or (3) done without knowledge of the contraband nature of the substance. Para. 37c(5) of the MCM.

Section 13(a)(14) of the Drug Act provides:[7] (1) a practitioner may not (2) wrong-

sion, (2) the Charge Sheet, (3) the Report of Trial Result and (4) the Board's Notice and Order of Automatic Suspension. (Board's letter of October 20, 1995.) Neither the Charge Sheet nor the Report of Trial Result, the only documents pertaining to Denier's court-martial, contain findings of fact with respect to those proceedings. (R.R. at 6a–8a.)

5. After the Board certified the record to this court, Denier sought to augment the record. The Board did not object to inclusion of Denier's license renewal application and the attachments thereto pertaining to Denier's court-martial conviction. (Stipulation to Augment Record, filed November 21, 1995).

6. The Majority refers to portions of the augmented record to demonstrate that Denier did not know that the woman involved here was a drug dependent person. (Majority op. at 954.) However, the Majority may not choose which parts of the augmented record to accept or reject; that is the role of the factfinder, which, in this case, is the Board. *Barran v. State Board of Medicine*, 670 A.2d 765 (Pa.Cmwlth.1996). After a hearing, the Board might believe that Denier knew at the August 13, 1992 rendezvous that the woman

was a drug dependent person. (R.R. at 22a–23a.)

7. Section 102 of the Drug Act, 35 P.S. § 780–102 (emphasis added), defines the following relevant terms:

"**Deliver**" or "**delivery**" means the actual, constructive, or attempted *transfer* from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship.

"**Distribute**" means to *deliver* other than by administering or dispensing a controlled substance, other drug, device or cosmetic.

"**Drug dependent person**" means a person who is using a drug, controlled substance or alcohol, and who is in a state of psychic or physical dependence, or both, arising from administration of that drug, controlled substance or alcohol on a continuing basis.

. . . .

"**Practitioner**" means: (i) a physician, osteopath, dentist, veterinarian, pharmacist, podiatrist, nurse, scientific investigator, or other *person licensed, registered or otherwise permitted to distribute*, dispense, conduct research with respect to or to administer a controlled substance, other drug or device in the course of

fully (3) deliver (4) cocaine (5) to any person. With respect to the first element of the offense, a practitioner is anyone licensed to dispense or distribute a controlled substance. *See* 35 P.S. § 780–102. The third, fourth and fifth elements of the offense, taken together, forbid delivery or transfer of cocaine to the possession of another person. Such a transfer is wrongful, the second element of the offense, unless: (1) done in good faith; (2) in the course of one's professional practice; (3) within the scope of the patient relationship; and (4) in accordance with treatment principles accepted by a responsible segment of the medical profession. It is apparent to me that each of these elements is either identical to, or included in, an element of section 112a: members of the military include physicians; the "distribution" of cocaine to a person is a type of "delivery;" and such delivery is wrongful unless done in the performance of medical duties, i.e., in the good faith treatment of patients according to accepted treatment principles. Thus, the offense for which Denier was convicted under section 112a of the UCMJ *could* be a conviction under section 13(a)(14) of the Drug Act.

Section 13(a)(13) of the Drug Act provides: (1) a practitioner may not (2) wrongfully (3) distribute (4) cocaine (5) to any person whom the practitioner knows, or has reason to know, is a drug dependent person. Distribution under section 13(a)(13) is wrongful unless done: (1) for the cure or treatment of some malady other than drug dependency; (2) at an approved clinic for the treatment of

> professional practice or research in the Commonwealth of Pennsylvania; (ii) a pharmacy, hospital, clinic or other institution licensed, registered, or otherwise permitted to distribute, dispense, conduct research with respect to or to administer a controlled substance, other drug or device in the course of professional practice or research in the Commonwealth of Pennsylvania.

8. As noted, section 13(a)(14) generally prohibits practitioners from distributing cocaine to *any person;* a practitioner who violates section 13(a)(14) is subject to conviction for a felony offense. Section 13(a)(13), on the other hand, is more specific in prohibiting practitioners from distributing cocaine where the practitioners know, or have reason to know, that the recipient is a drug dependent person; a practitioner violating section 13(a)(13) is subject only to conviction of a misdemeanor. *See* Sections 1932 and

drug dependency; or (3) for up to fourteen days pending confirmed admission of the patient to a hospital or rehabilitation center. Once again, these elements are either identical to, or included in, an element of section 112a: members of the military include practitioners; the distribution of cocaine to *any person* includes distribution of cocaine to a person whom the practitioner knows, or has reason to know, is a drug dependent person; and such distribution is wrongful unless done in the performance of medical duties, i.e., in the treatment of drug dependency or some other malady. Thus, the offense for which Denier was convicted under section 112a of the UCMJ *could also* constitute a conviction under section 13(a)(13) of the Drug Act.

The critical distinction between the felony and misdemeanor sections of the Drug Act, as it relates to a conviction under section 112a of the UCMJ, is whether the practitioner knew, or had reason to know, that the recipient of the cocaine was a *drug dependent person.*[8] Here, if the recipient was a drug dependent person and Denier had knowledge of that fact, at worst, a jury could only properly convict Denier of violating section 13(a)(13) of the Drug Act, which is a misdemeanor. Unfortunately, the Board assumed that such facts were irrelevant and, thus, concluded that Denier committed a felony. I would not permit the Board to make such an assumption; it amounts to nothing more than guesswork.

1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1932 and 1933.

I have reviewed the legislative history to try to understand the reasoning of the legislature in its grading of these offenses. I note that, prior to the 1974 amendments to the Drug Act, *both* sections 13(a)(13) and 13(a)(14) were classified as misdemeanors. It is apparent to me that, in 1974, the legislature elevated section 13(a)(14) to a felony out of concern for the harm that drug pushers bring to young people and their families by causing the "innocent" to become drug addicts. Moreover, the legislature recognized that drug dependent persons experience discomfort without drugs, 35 P.S. § 780–102, and, in fact, are driven to desperate measures by their addiction. Thus, practitioners who deliver drugs to such individuals are guilty only of a misdemeanor. *See* Legislative Journal, House, vol. 1 3960–65, 3974 (1974).

958

The Board can automatically suspend a license under section 40(b) of the MPA *only* for an offense which *would be a felony* if committed in Pennsylvania. Because the Board held no hearing and, thus, failed to consider evidence which, if believed, would support only a *misdemeanor* conviction under the Drug Act, the Board lacked substantial evidence here that Denier's conviction under section 112a of the UCMJ would be a *de facto* felony if committed in Pennsylvania; thus, the Board exceeded its statutory authority in this case and erred as a matter of law in automatically suspending Denier's license to practice medicine in Pennsylvania.

In doing so, the Board also deprived Denier, without due process, of a property interest in the renewal of his professional license and of a fundamental right to his reputation. *Lyness v. State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992); *Pennsylvania Bar Association v. Commonwealth,* 147 Pa. Cmwlth. 351, 607 A.2d 850 (1992). The government, even in its efforts to protect the public through the regulation of licensed professionals, may not trammel the fundamental rights of its citizens without appropriate attention to constitutional protections.

Accordingly, I would reverse.

COLINS, P.J., and KELLEY, J., join in this dissent.