**Charles L. CROOKS, Petitioner,**

v.

**PENNSYLVANIA SECURITIES COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 7, 1997.

Decided Jan. 2, 1998.

Reargument Denied March 9, 1998.

Charles L. Crooks, petitioner, for himself.

Lisa W. Basial, Deputy Atty. Gen., Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

■ Charles J. Crooks (Crooks), a *pro se* litigant,[1] petitions for review of an order from the Pennsylvania Securities Commission (Commission) which suspended his agent's license pursuant to an order of the Court of Common Pleas of McKean County (common pleas court). We affirm.

Crooks is licensed by the Commission as a securities agent. On April 9, 1997, the Commission received an order from the trial court directing it to suspend Crooks' license to deal in securities, pursuant to a section of the Domestic Relations Code (Code), 23 Pa. C.S. § 4355(a), (c)(1), which provides, in part:

[W]here the domestic relations section has been unable to attach the income of obligor pursuant to section 4348 (relating to attachment of income) and obligor owes support in an amount equal to or greater than three months or more of the monthly support obligation, the court shall issue an order directing any licensing authority to (1) prohibit the issuance or renewal of a license, or (2) suspend the license of obligor.... Upon receipt, the licensing authority shall immediately comply with the order.

License is defined in the Code as, "authorization to engage in a profession, trade or business in this Commonwealth or a political subdivision or agency thereof." 23 Pa.C.S. § 4355(e).

■ The issue for our review is whether Crooks' constitutional rights were violated when the Commission suspended his securities license pursuant to an order of court and without a hearing.[2]

Crooks contends that the Code has been declared unconstitutional by the Pennsylvania Supreme Court and that he was not afforded due process and the right to be heard by the Commission. Crooks also maintains that without his license he cannot be permitted to earn a living.

In *Curtis v. Kline*, 542 Pa. 249, 666 A.2d 265 (1995), our Supreme Court addressed the constitutionality of only one section of the Code. *Curtis* dealt only with the obligation of parents to support their children through post-secondary education, pursuant to Section 4327 of the Code. Since Crooks does not allege that his license was suspended for failure to comply with Section 4327 of the Code, *Curtis* does not control.

■ Next, Crooks contends he was denied a hearing before the Commission. When no facts are at issue before the commission, due process does not require a hearing. *Denier v. State Board of Medicine, Bureau of Professional and Occupational Affairs*, 683 A.2d 949 (Pa.Cmwlth.1996). In *Denier*, this Court held that the refusal to conduct an evidentiary hearing is not a violation of due process where the licensing agency has no discretion but to comply with a court order when no facts are at issue. Section 4355 of the Code provides that the licensing authority "immediately comply with the order". 23 Pa.C.S. § 4355(c)(1).

Here, Crooks is attempting to collaterally attack the common pleas court's order. The order of the common pleas court was never appealed and is a final order. This Court has consistently disallowed collateral attacks on final orders regarding license suspensions. *See Denier* at 954; *Lesko v. Department of Transportation*, 657 A.2d 1007, 1010 (Pa. Cmwlth.1995); and *Shoenhair v. State. Board of Nurse Examiners*, 74 Pa.Cmwlth. 217, 459 A.2d 877 (1983).

■ Finally, Crooks contends that the suspension of his license will deprive him of his right to earn a living and to support his children. This position is also unfounded. Without considering why Crooks was not

---

1. A *pro se* litigant is subject to the same rules of procedure as a counseled litigant and has no greater right to be heard. *Commonwealth v. Abu–Jamal*, 521 Pa. 188, 555 A.2d 846 (1989), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990).

2. Our standard of review is limited to a determination of whether constitutional rights were violated, whether the findings of fact are supported by substantial evidence, and whether errors of law were committed. *Slawek v. State Board of Medical Education and Licensure*, 526 Pa. 316, 586 A.2d 362 (1991).

supporting his children while licensed, we find no provision of the Constitution of the United States or the Pennsylvania Constitution which provides for an unrestricted right to possess a license. The right to a business or profession is not a guaranteed privilege, but may be regulated and conditioned. *Nebbia v. People of the State of New York*, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934). Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of January, 1998, the order of the Pennsylvania Securities Commission, at No. 9704–03LC, dated April 10, 1997, is affirmed.